

U. S. DEPARTMENT OF JUSTICE

Randolph J. Bernard
Acting United States Attorney
Northern District of West Virginia

Frederick P. Stamp, Jr. Federal Building and
United States Courthouse
1125 Chapline Street, Suite 3000   Phone:   (304) 234-0100
P. O. Box 591                      Fax:     (304) 234-0110
Wheeling, WV 26003

April 2, 2025

Adrianna Walter, Esq.
Office of the Federal Public Defender
Assistant Federal Public Defender
Northern District of West Virginia
1125 Chapline Street
Wheeling, WV 26003
Adrianna_Walter@fd.org

**FILED**

APR 3 0 2025

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

In re: *United States v. Michael Kandis*

Dear Ms. Walter:

This will confirm conversations with you concerning your client, Michael Kandis, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States[1] and your client as follows:

1. Defendant will plead guilty to Count One of a forthcoming Information, charging him with Wildlife Trafficking, in violation of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(2).

2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above is: imprisonment for a term of up to 1 year, a fine of

---

[1] As used herein, "the United States" refers to the United States Attorney's Office for the Northern District of West Virginia and the Environment and Natural Resources Division of the United States Department of Justice.

_____     4-3-25
Michael Kandis, Defendant     Date

_____     4-3-25
Adrianna Walter, Esq.         Date
Counsel for Defendant

$100,000, or twice the gross pecuniary gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), and a term of 1 year of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $25.00 (18 U.S.C. § 3013) per misdemeanor conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3. Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that he committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____    4-3-25
Michael Kandis, Defendant          Date

_____    4-3-25
Adrianna Walter, Esq.              Date
Counsel for Defendant

6.  There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.  The United States will make the following **nonbinding** recommendations:

    A.  If, in the opinion of the United States, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation.

    B.  Defendant and the United States agree to the following applicable Guidelines:

        | | |
        |---|---|
        | Base Offense Level (U.S.S.G. 2Q2.1(a)) | 6 |
        | Commercial Purpose (U.S.S.G. 2Q2.1(b)(1)(A) | +2 |
        | Total Offense Level | 8 |

    C.  Defendant and the United States further agree that any term of probation or supervised released imposed should include the following conditions:

        i.  Defendant will consent to an inspection of Ohio Valley Reptile House, located at 4464 National Road, Triadelphia, WV 26059, by agents from the U.S. Fish and Wildlife Service and West Virginia Department of Natural Resources. Defendant further agrees to abandon any animals he possesses in violation of any state or federal wildlife law.

        ii. Defendant will perform 24 hours of community service through an animal welfare organization approved by the United States.

    D.  The United States will recommend that any sentence imposed should be within the applicable guideline range.

_____    4-3-25
Michael Kandis, Defendant          Date

_____    4-3-25
Adrianna Walter, Esq.              Date
Counsel for Defendant

8. Should Defendant be found to possess any animals in violation of any state or federal wildlife law ("illegal wildlife"), Defendant understands that forfeiture of the illegal wildlife will be part of the sentence imposed in this case and agrees to the forfeiture of all animals and wildlife seized in connection with the case. Defendant agrees that the seized property includes all wildlife bred, possessed, imported, exported, transported, sold, received, acquired, or purchased contrary to 16 U.S.C. § 3372(a)(1), and/or substitute assets, and thus is forfeitable to the United States pursuant to 16 U.S.C. § 3374. Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the illegal wildlife.

Defendant agrees to fully assist the government in effectuating the abandonment and forfeiture of any illegal wildlife to the United States or State of West Virginia, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the abandonment and transfer of title to the United States or the State of West Virginia. Defendant agrees not to file any claim or action contesting the forfeiture of the illegal wildlife in any administrative or judicial (civil or criminal) proceeding. Defendant further agrees not to assist any person or entity in the filing of any claim or action contesting the forfeiture of the illegal wildlife in any administrative or judicial (civil or criminal) proceeding. Further, if any third-party files a claim to regarding the seized illegal wildlife, Defendant will assist the government in defending such claim.

Defendant agrees that the forfeiture of illegal wildlife is not to be considered a payment of a fine, assessment, or penalty and shall survive bankruptcy.

9. If, in the opinion of the United States, Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and Defendant will not have the right to withdraw the plea.

10. Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

    A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal Defendant's conviction on the ground that the statute(s) to which Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

_____  _____4-3-25_____
Michael Kandis, Defendant           Date

_____  _____4-3-25_____
Adrianna Walter, Esq.               Date
Counsel for Defendant

  B. Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

  C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

  Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

  This waiver of appellate rights is not intended to represent Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

  11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

  12. Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18

_____     4-3-25
Michael Kandis, Defendant    Date

_____     4-3-25
Adrianna Walter, Esq.    Date
Counsel for Defendant

U.S.C. § 3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access Defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. Defendant further agrees that any schedule of payments imposed by the Court represents Defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Defendant is sentenced to a period of incarceration, Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of Defendant's payment status or history at that time.

13.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

14.     If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the United States will have the right to withdraw any sentencing recommendations and/or to void this Agreement.


_____     _4 - 3 - 25_
Michael Kandis, Defendant           Date

_____     _4-3-25_
Adrianna Walter, Esq.               Date
Counsel for Defendant

15.     The above 14 paragraphs and subparagraphs constitute the entire agreement between Defendant and the United States of America in this matter.  **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

RANDOLPH J. BERNARD
Acting United States Attorney

By: _____
Maximilian F. Nogay
Assistant United States Attorney

By: _____
Lauren D. Steele
Trial Attorney
Environmental Crimes Section
Environment and Natural Resources Division
U.S. Department of Justice

As evidenced by my signature at the bottom of the preceding 6 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____     4-3-25
Michael Kandis, Defendant            Date

_____     4-3-25
Adrianna Walter, Esq.                Date
Counsel for Defendant